REECE ET AL. v. KNOTT.

[JANUARY TERM, 1861.]

A WRIT OF ERROR IS A WRIT OF RIGHT, ALLOWABLE AT COMMON LAW, and will issue by the supreme to the district courts, in the absence of statutory provisions regulating the procedure for prosecuting the writ.

A WRIT OF ERROR WILL ISSUE WITHOUT A PETITION THEREFOR, AND No BOND for the prosecution of the writ is necessary as a condition to its issuance.

WRIT of error to the second district, Carson county.  The opinion states the case.

*J. H. Ralston,* for the plaintiffs in error.

*Broadhead & DeWolf,* for the defendant in error.

CROSBY, J.:

In this case a motion to dismiss is filed by defendant's counsel, on the following grounds:

1. That there is no statute or authority of law in this territory for granting writs of error by the supreme to the district courts.

2. The first, second, and third grounds of error mentioned in plaintiffs' petition and [are] foreign to the record of the case, and can not for this reason be entertained.

3. Plaintiffs in error failed to give bond with security conditional to prosecute their writ of error to effect, and answer all damage and costs if they failed to make their plea good.

1. It is true that the statutes are lamentably [deficient] in not having, in accordance with the general usage of other states and territories, enacted laws as to the forms and modes of procedure, by which writs of error may be sued out and appeals taken according to established rules, and by which parties considering themselves aggrieved may seek their remedy in the supreme court. Fortunately, however, at times the common law affords a remedy for insufficient legislation, and thus in a manner prevents the deprivation which would otherwise occur of the legal rights of the parties litigant.

The writ of error is a writ issued from a superior court to an inferior, commanding them [it] to send up the record, and is a writ allowable at common law.

2. That the bill of exceptions and petition in error do not agree.

A petition in error is a statutory provision, and this being a writ at common law, where, not otherwise provided for by statutory provision, it may be issued on application showing cause and without petition or bill of exceptions.

All that is necessary is for the party to assign errors in the superior court. The bill of exceptions simply makes that a matter of record which does not otherwise appear, and is not necessary to give the court jurisdiction of the case on error.

3. That the plaintiffs in error failed to give bond. There is no law in this territory requiring a bond in order to entitle a party to have his case reviewed on error, and a writ of

error does not necessarily operate as a *supersedeas* to the execution.

Motion denied.

KINNEY, C. J., concurred.